No. 22-13867

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
                            *Plaintiff-Appellee,*

v.

**FREDERICK BUSH,**
                            *Defendant-Appellant.*

_____

A Direct Appeal of a Criminal Case
From the United States District Court
for the Northern District of Florida, Tallahassee Division

_____

## REPLY BRIEF OF APPELLANT

**JOSEPH F. DEBELDER**
FEDERAL PUBLIC DEFENDER

**RICHARD M. SUMMA**
Assistant Federal Public Defender
Florida Bar No. 890588
227 N. Bronough Street, Ste. 4200
Tallahassee, Florida 32301
Telephone: (850) 942-8818
FAX: (850) 942-8809
Attorney for Appellant

No. 22-13867

United States v. Frederick Bush

**AMENDED CERTIFICATE OF INTERESTED PERSONS**

Pursuant to 11th Cir. R 26.1-1, 26.1-2, and 26.1-3, counsel for Appellant relies on the certificate previously filed in this case.

Acosta, Winifred L.:   Assistant U.S. Attorney **(added)**

Bush, Frederick: Defendant/Appellant

Coody, Jason: Acting U.S. Attorney

Davies, Robert G.:   Assistant U.S. Attorney **(added)**

DeBelder, Joseph F.: Federal Public Defender

Fitzpatrick, Martin: Magistrate Judge

Hinkle, Robert L.: U.S. District Court Judge

Mendieta, Monica: U.S. Probation Officer

Steer Meredith: Assistant U.S. Attorney

Summa, Richard M.: Assistant Federal Public Defender

C 1 of 1

# TABLE OF CONTENTS

Contents | Page
---|---

PRELIMINARY STATEMENT ................................................................... iii

REPLY ARGUMENT ..................................................................................1

## ISSUE I

The trial court erred, reversibly, by instructing the jury incorrectly on the *mens rea* element of escape from a halfway house under 18 U.S.C. § 4082(a). ............................................1

## ISSUE II

The trial court abused its discretion by precluding evidence of an immediate threat of serious bodily harm in connection with the defense of duress. ..................................................6

## ISSUE III

Mr. Bush's waiver of the right to counsel was not knowing, voluntary and intelligent; the trial court erred, reversibly, by conducting an inadequate *Faretta* hearing......................7

CONCLUSION..............................................................................................9

CERTIFICATE OF COMPLIANCE........................................................10

CERTIFICATE OF SERVICE .................................................................11

## TABLE OF CITATIONS

**Cases**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page**

*Bryan v. United States*, 524 U.S. 184 (1998)..............................................................5

*Dixon v. United States*, 548 U.S. 1 (2006)..................................................................5

*United States v. Brackett*, 582 F.2d 1027 (5th Cir. 1978) ..........................................4

*United States v. Spletzer*, 535 F.2d 950 (5th Cir. 1976) .........................................4, 5

**Statutes**

18 U.S.C. § 4082(a) ................................................................................ 1, 2, 3, 4, 5, 7, 8

18 U.S.C. § 751(a) .................................................................................... 1, 2, 5, 7

**Rules**

11th Cir. R 26.1-1 ....................................................................................................2

**Other Authorities**

Eleventh Circuit Pattern Jury Instruction 9.1A...................................................3, 5

## PRELIMINARY STATEMENT

All references to pages in the Initial Brief shall be IB at ECF# and page, e.g., (IB at ECF 18—p 2), and references to the Government's Answer Brief shall be AB at ECF# and page, e.g., (AB at ECF 25—p 2).   Citations to the record shall be made in the same manner as in the Initial Brief.   All arguments made in the Initial Brief are adopted and realleged here.   Only statements Appellant deems to require a response are addressed in the text below.

# REPLY ARGUMENT

## ISSUE I

> The trial court erred, reversibly, by instructing the jury incorrectly on the *mens rea* element of escape from a halfway house under 18 U.S.C. § 4082(a).

The government argues that Mr. Bush asked for jury instructions under 18 U.S.C. § 751(a), and received jury instructions correct under § 751(a), so there was no error. (AB at ECF 25—p 29). This is not correct. While the *pro se* defendant may have thought he was being prosecuted under § 751(a), his misapprehension was immaterial to the issue preserved for review. The fact remains that Bush requested a specific jury instruction requiring the government to prove he "purposely intended to violate the law." (ECF 117—p 14). The only question, then, is whether the district court erred in denying the instruction for the offense charged, i.e., § 4082. The district court erred in that regard.

The government's argument perpetuates the essential mistake made by the district court. Bush was not prosecuted under § 751(a), he was prosecuted under § 4082(a). Section 4082(a) describes the crime of escape from a halfway house and establishes the elements and the penalty therefor. The only purpose for reciting § 751(a) in the indictment was to place Bush on notice of the sentence applicable for a violation of § 4082(a). In other words, the offense of "escape" from a halfway

1

house shall be punished to the same degree as escape from the custody of the Attorney General under § 751(a).

The question, then, is whether a jury instruction on specific intent, or purposeful violation of the law, is required under § 4082(a). The answer is undoubtedly "yes," as indicated by the plain language of the statute.

> The *willful* failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General *punishable as provided in chapter 35 of this title.*

18 U.S.C. § 4082(a). Because the statute used the term "willful" to describe the degree of *mens rea* required to prove a violation, the district court was required to use this Court's pattern jury instruction on "willfulness" as requested, even if inarticulately, by the *pro se* defendant.

The statutory reference to "extended limits of confinement" reflects the reality that persons committed to a halfway house may be permitted, lawfully, to leave and return to the facility at specific times and for specific purposes. Because the residents may come and go as directed, the *mens rea* of "willfulness" is intended to distinguish between those who intentionally (or unintentionally) violate the terms of their "extended limits of confinement" and those who intentionally violate the extended limits of confinement, knowing their noncompliance constitutes an escape

2

from the "custody" of the Attorney General and a violation of § 4082(a).

The issue was preserved for review. The district court erred in instructing the jury. The government cannot show the error was harmless because the jury was presented with evidence that Bush did not know his conduct constituted an "escape" from the custody of the Attorney General, or any crime, for that matter. The jury reasonably could have acquitted Bush on that basis.

The government argues that the instructions given to the jury, in any event, satisfied the Court's pattern jury instruction for "willfulness" which requires the "intent to do something the law forbids," though not an awareness of the "specific law or rule" violated. (AB at ECF 25—pp 42-48). Not so. The district court instructed the jury that the government "need not prove Mr. Bush knew the law of escape." But the fact that the government did not need to prove Bush intended to violate a specific law (escape) did not relieve the government of the burden to prove Bush intended to violate *some* law. The jury instructions relieved the government of the burden to prove Bush acted "voluntarily and purposely, with the intent to do something the law forbids; that is with the bad purpose to disobey or disregard the law," as explained in the Court's Pattern Jury Instruction 9.1A. As Bush argued: "The 'intent' has to be to commit—has to be that I'm committing an offense that's against the law." (ECF 117—pp12-13). To the contrary, the district court instructed

3

the jury the government had to prove Bush "knew he was not allowed to leave the facility without permission but intentionally left the facility anyway." (ECF 118—p 241). Thus, the district court relieved the government of the burden to prove Bush left the facility with the "intent to do something the law forbids," and with the "purpose to disobey or disregard the law," in derogation of the Court's pattern definition of "willfulness." The fact that Bush argued, most often, that he did not know he was committing an "escape" was of no moment because, in fact, his defense was that he did not intend to commit *any* criminal offense when walking away from Keeton. The district court required the government to prove Bush intentionally left the facility knowing he did not have permission to leave. (ECF 118—p 241). This erroneous instruction relieved the government of the burden of proof required by the plain text of § 4082(a) and the Court's pattern jury instruction on "willfulness."

The government's reliance on *United States v. Brackett*, 582 F.2d 1027 (5th Cir. 1978), and *United States v. Spletzer*, 535 F.2d 950 (5th Cir. 1976), is misplaced. The government cites *Brackett* for the proposition that "willfulness," under § 4082(a), "means volitional or voluntary action." (AB at ECF 25—p 42). This is a misreading of *Brackett*. *Brackett* holds the government must prove the defendant's failure to return was knowing, willful, and unlawful. *Id*. at 1028. *Brackett* held the evidence sufficient to satisfy the test of "willfulness and to sustain

4

the judgment entered on the jury's verdict." *Id*.

*Spletzer* is an odd case upon which to rely. *Spletzer* involved a prosecution only under § 751(a). *Id*. at 953. The jury was instructed on "willfulness" only because a specific allegation in the indictment imposed the higher standard of willfulness. *Id*. at 951, 954. The district court opined the heightened standard required a "voluntary departure or absence from custody with the intent to avoid confinement." *Id*. at 954. Due to the defendant's intoxication, the court held the evidence insufficient to prove he had the "specific intent to escape," and so reversed his conviction. *Id*. at 956.

*Spletzer* did not construe the term "willfully" in § 4082(a) and therefore has no application here. Even if *Spletzer* is properly construed for the proposition that "willfulness" requires only the voluntary departure from custody with the intent to avoid confinement," *Spletzer* has been effectively abrogated by *Dixon v. United States*, 548 U.S. 1, 5 (2006), and *Bryan v. United States*, 524 U.S. 184, 192 (1998), both holding "willfulness" requires proof the defendant knew his "conduct was unlawful." Not surprisingly, the standard articulated in *Dixon* and *Bryan* has been memorialized in the Court's Pattern Jury Instruction 9.1A ("Willfully—Generally").

Here, the jury was presented with some evidence that Bush was advised of the regulations of the hallway house, but also some evidence Bush did not know the

5

USCA11 Case: 22-13867  Document: 30  Date Filed: 03/24/2023  Page: 11 of 16

regulations constituted criminal "laws" to which he must conform. He thought they were, at most, institutional regulations, not laws which would expose him to criminal punishment. Specifically, Bush testified *he did not know it was a crime to walk away from Keeton*; he did not know that would constitute escape. (ECF 177—pp 185, 186). Had the jury exercised its fact-finding prerogative in Bush's favor it would have, if properly instructed, acquitted him of the crime. But the jury was not properly instructed. The jury was instructed in a manner which foreclosed Bush's defense. The error in jury instructions cannot be deemed harmless.

## ISSUE II

> The trial court abused its discretion by precluding evidence of an immediate threat of serious bodily harm in connection with the defense of duress.

The government relies on evidence that Bush did not make an effort to surrender to authorities. But the law requires a *bona fide* effort to surrender when the threat has lost its coercive effect. Here, however, the district court erroneously precluded evidence of the threat, so the jury was deprived of the opportunity to assess the degree of the threat or whether the threat had lost its coercive effect. In other words, if the threat came from the Keeton facility, Bush would still be in danger by surrendering and returning to the facility, a matter out of his control. The government did not address Bush's contention that he could not return, *safely*, to the

6

halfway house. A *bona fide* effort does not require the defendant to surrender and submit to the dangers lurking in the lion's den.

In any event, these considerations fell within the province of the jury. Unfortunately, the district court deprived the jury of the evidence necessary to resolve Bush's claim of duress. The error cannot be deemed harmless.

## ISSUE III

> Mr. Bush's waiver of the right to counsel was not knowing, voluntary and intelligent; the trial court erred, reversibly, by conducting an inadequate *Faretta* hearing.

The government claims Bush "understood the nature of the charge against him." (AB at ECF 25—p 57). Obviously, he did not. Bush should have been focused on § 4082(a), not § 751(a). Had he understood the nature of the charge against him, Bush would have argued that his proposed jury instruction was required under the plain text of § 4082, establishing the *mens rea* element of "*willfully* failing to remain within the extended limits of his confinement." The district court may have been enlightened. The jury instructions may have been different. The jury may have acquitted him. Bush's waiver of the right to counsel was not knowing, voluntary and intelligent because of his fundamental misunderstanding of the offense charged.

7

Bush's confusion is evident in the record. Bush did not arrive at his "eureka moment" until after the jury found him guilty. It was not until the filing of his motion for a new trial that Bush realized the indictment contained the phrase "willfully failing to remain within the extended limits of his confinement." (ECF 81; ECF 89—pp 3, 5, 13, 14) (noting for the first time that § 4082(a) contained a "willfulness" element and the indictment charged escape by willfully failing to remain within the extended limits of his confinement). A bit late. This is smoking gun evidence that Bush did not understand the charge against him when waiving the right to counsel. Bush's waiver of the right to counsel was not knowing, voluntary and intelligent.

## CONCLUSION

For the reasons stated above and in the Initial Brief, this Court should reverse Bush's conviction and remand for a new trial.

    Respectfully submitted,
    **JOSEPH F. DEBELDER**
    Federal Public Defender

    *s/Richard M. Summa*
    **RICHARD M. SUMMA**
    Assistant Federal Public Defender
    Florida Bar No. 890588
    227 N. Bronough Street, Suite 4200
    Tallahassee, Florida 32301
    Telephone: (850) 942-8818
    FAX: (850) 942-8809
    Attorney for Appellant

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

[**X**] this reply brief contains 1,811 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

[ ] this brief uses a monospaced typeface and contains [state the number of] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[**X**] this brief has been prepared in a proportionally spaced typeface using WordPerfect X6 in Times New Roman, 14 point, or

[ ] this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].

*s/Richard M. Summa*
**RICHARD M. SUMMA**
Assistant Federal Public Defender
Attorney for Appellant

# CERTIFICATE OF SERVICE

I certify that the foregoing has been furnished to this Court electronically in Acrobat format by Internet, and copies have been furnished by U. S. Mail to Winifred L. Acosta, Assistant United States Attorney, 111 N. Adams Street, 4th Floor, Tallahassee, Florida 32301, and Frederick Bush, c/o Tifton County Jail, P.O. Box 46, Tifton, GA 31694 , all on this 24th day of March, 2023.

*S/Richard M. Summa*\
**RICHARD M. SUMMA**\
Assistant Federal Public Defender